PER CURIAM.
The Appellants, James Charles Thomas and Robert Paul Thomas, appeal the final judgment of the trial court, which granted a judgment on the pleadings and dismissed their adversary complaint for removal of the Personal Representative of the Estate. It also granted the motion to strike their objections to the final accounting. We affirm.
The Appellants and the Appellee, Richard Paul Thomas, are brothers and are the beneficiaries of the estate of their mother, Joyce P. Thomas. The Appellee was named Personal Representative of the estate. During the administration of the estate, there were substantial assets in stock equities that were managed by a broker. Evidently, the broker mismanaged the assets and, as a result, the estate incurred substantial losses.
The Appellee brought a claim against the brokerage firm for mismanagement and that claim was ultimately settled. The Appellants agreed to the settlement, and it was approved by the court. After the settlement was made, the Appellants filed a motion to remove the Appellee as Personal Representative of their mother’s estate. The motion came before the court for hearing on June 19, 2006. On the day of the hearing, the Appellee filed a final accounting and a motion for discharge. At the hearing on June 19, 2006, the parties stipulated to a 45-day continuance so that the Appellee could provide certain documents to the Appellants in regard to the final accounting. Nothing further transpired until October 12, 2006, when Appellants objected to the final accounting. In October 2006, the court denied the Appellants’ motion to remove the Personal Rep *714 resentative and gave them 30 days to file an adversary complaint, which they did.
On December 3, 2008, the court entered a final judgment granting a motion for judgment on the pleadings, dismissing the adversary complaint, and granting the motion to strike the objection to the final accounting. The Appellee argues that the court based its ruling on the fact that the objection to the final accounting was not timely filed. That is, the accounting was filed June 16, 2006, and the objection was not filed until October 12, 2006, well beyond the 30 days in which to object as provided by rule 5.401(a).[1]
Appellants contend that the final accounting filed in this case was not complete and, therefore, it was not a final accounting. The Appellants cite no authority for their position and this Court disagrees.
It is clear that a final accounting was filed June 19, 2006, and if infirmities in the final accounting existed, the Appellants had 30 days in which to file an objection, and 90 days from the filing of the objection in which to have a hearing.[2] They did neither. The court found that the objection was waived. It also entered a judgment on the pleadings against the Appellants on their adversary proceeding to remove the Personal Representative. Clearly, at that point, the final accounting had been filed and the only remaining action to complete the estate was to disburse the assets.
AFFIRMED.
GRIFFIN, TORPY and JACOBUS, JJ., concur.

. Fla. Prob. R. 5.401(a).

. See Fla. Prob. R. 5.401(d).